a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PETER EUGENE HALEY, Petitioner | CIVIL DOCKET NO. 5:20-CV-515-P |
| VERSUS | JUDGE FOOTE |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Peter Eugene Haley ("Haley") (#494000). Haley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Haley challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Haley has not shown that all claims have been fully exhausted, he must AMEND his Petition (ECF No. 1).

### I. Background

Haley was convicted of one count of possession of pornography involving juveniles in violation of La. R.S. 14:81.1. *State v. Haley*, 51,256 (La.App. 2 Cir. 5/24/17, 1); 222 So.3d 153, 158, *writ denied*, 2017-1230 (La. 4/27/18); 241 So.3d 305. Haley was subsequently sentenced to eight years at hard labor without benefit of parole, probation, or suspension of sentence. *Id.* On appeal, Haley argued that there was insufficient evidence to convict him; that the trial court erred in denying his

motion to suppress; that the trial court erred in admitting expert testimony; that officers fabricated or tampered with evidence; that the trial court wrongly denied his challenges in jury selection; and that the district attorney made improper argument in closing. *Id.* The conviction and sentence were affirmed. *Id.* The Louisiana Supreme Court denied writs. *State v. Haley*, 2017-1230 (La. 4/27/18); 241 So.3d 305.

Haley filed an application for post-conviction relief, arguing that his conviction was obtained from an invalid search and seizure and that he was not subject to a valid Louisiana parole agreement. ECF No. 1-2 at 1-2. The application was denied. *Id.* The Louisiana Second Circuit Court of Appeal denied writs "on the showing made." *Id.* It is unclear whether Haley sought further review in the Louisiana Supreme Court.[1]

## II. Instructions to Amend

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the

---

[1] Haley attaches a writ denial from the Louisiana Supreme Court, which predates the appellate court's ruling. It appears to be the writ denial on direct review rather than post-conviction review. ECF No. 1-2 at 6.

claim. *Baldwin v. Reese*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

To determine whether Haley's claims are exhausted, Haley must amend his Petition to state whether he filed a writ application in the Louisiana Supreme Court on post-conviction review, specifically from the Louisiana Second Circuit's August 8, 2019 ruling in Docket No. 53,151-KH. ECF No. 1-2 at 4. If so, Haley must provide a dated copy of the writ application showing that he presented the federal nature of each claim to the Louisiana Supreme Court. Haley must state whether the Louisiana Supreme Court has issued a ruling on the writ application and, if so, provide a copy of the ruling.

IT IS ORDERED that Haley AMEND his Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further

required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of June 2020.

```
                          _____
                          JOSEPH H.L. PEREZ-MONTES
                          UNITED STATES MAGISTRATE JUDGE
```