a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| PETER EUGENE HALEY, Petitioner | CIVIL DOCKET NO. 5:20-CV-515-P |
| VERSUS | JUDGE FOOTE |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Peter Eugene Haley ("Haley") (#494000). Haley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Haley challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Haley's Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Haley was convicted of one count of possession of pornography involving juveniles in violation of La. R.S. 14:81.1. *State v. Haley*, 51,256 (La.App. 2 Cir. 5/24/17, 1); 222 So.3d 153, 158, *writ denied*, 2017-1230 (La. 4/27/18); 241 So.3d 305. Haley was subsequently sentenced to eight years at hard labor without benefit of parole, probation, or suspension of sentence. *Id.* On appeal, Haley argued that there was insufficient evidence to convict him; that the trial court erred in denying his

motion to suppress; that the trial court erred in admitting expert testimony; that officers fabricated or tampered with evidence; that the trial court wrongly denied his challenges in jury selection; and that the district attorney made improper argument in closing. *Id.* The conviction and sentence were affirmed. *Id.* The Louisiana Supreme Court denied writs. *State v. Haley*, 2017-1230 (La. 4/27/18); 241 So.3d 305. Haley did not seek review in the United States Supreme Court.

Haley alleges that he filed an application for post-conviction relief[1] arguing that his conviction was obtained from an invalid search and seizure and that he was not subject to a valid Louisiana parole agreement. ECF No. 1-2 at 1-2. The application was denied. *Id.* On August 8, 2019, the Louisiana Second Circuit Court of Appeal denied writs "on the showing made." *Id.* Haley did not seek further review in the Louisiana Supreme Court. ECF No. 8.

## II.   Law and Analysis

### A.   Haley's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause

---

[1] Haley alleges that he filed the post-conviction application on January 28, 2019. ECF No. 1 at 3. According to Haley's exhibits, the application was filed on March 14, 2019. ECF No.

the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

**B.    Haley's Petition is untimely.**

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period.  *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Haley's conviction became final for AEDPA purposes on July 27, 2018, 90 days after the Louisiana Supreme Court denied writs, when the time for seeking further

review in the United States Supreme Court expired. Haley had one year from that date within which to file his § 2254 Petition.

Haley is entitled to statutory tolling from the time his post-conviction application was filed—either January 28, 2019, as alleged, or March 14, 2019, as indicated by his exhibit—through August 8, 2019, when the court of appeal denied writs and the application was no longer pending. Assuming Haley filed on the earliest possible date of January 28, 2019, statutory tolling began on day 185 of the one-year prescriptive period. The AEDPA prescriptive period resumed on August 8, 2019, with 180 days remaining. Haley then had until February 4, 2020 within which to file his § 2254 Petition. Haley's Petition was signed on March 24, 2020 (ECF No. 1 at 31) and filed on April 22, 2020. Even considering the date of signature as the date filed, the Petition is untimely.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally

4

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Haley does not allege that he was misled by the defendant or otherwise prevented from timely filing his Petition.  Although Haley alleges that inmate counsel advised that he was not required to seek post-conviction review in the Louisiana Supreme Court, that advice has no bearing on the timeliness of Haley's Petition. Moreover, ignorance of the law and *pro se* status are common problems for inmates seeking post-conviction relief.   Neither constitutes "rare and exceptional" circumstances warranting equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Gutierrez v. Cockrell*, 45 F. App'x 321 (5th Cir. 2002).

## III.    Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Haley's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of August 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE